IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES HIGGINS                                              PETITIONER

VS.                    CASE NO. 5:08CV00068 SWW/HDY

LARRY NORRIS, Director of the
Arkansas Department of Correction                            RESPONDENT

PROPOSED FINDINGS AND RECOMMENDATIONS

INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of Charles Higgins, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. Higgins was found guilty of aggravated robbery and theft of property following a jury trial in Circuit Court of Pulaski County. He was sentenced to an aggregate term of 120 months of imprisonment. Mr. Higgins unsuccessfully appealed the conviction, alleging that he was denied due process by the State's failure to disclose a tacit and implicit agreement to give his co-defendant favorable terms in a plea agreement, and that the State failed to correct false testimony. *Higgins v. State*, 94 Ark. App. 328 (2006). Petitioner followed his direct appeal by filing a petition for rehearing and a petition for review. Both motions were denied. Mr. Higgins next filed a petition for post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure. On July 25, 2006, the petition was denied by the trial court because the petition was untimely. A motion for reconsideration was denied. On appeal, the Arkansas Supreme Court affirmed the trial court, finding that the petitioner missed filing a timely Rule 37 petition by filing one day after the allotted time. *Higgins v. State*, 2007 WL 2792430 (Ark.).

In his current petition, Mr. Higgins advances the following grounds for relief:

1.   The prosecutor and defense counsel failed to disclose a plea agreement made with petitioner's co-defendant; and

2.   Petitioner received ineffective assistance of counsel when his attorney failed to elicit testimony from the co-defendant about the plea agreement.

Respondent contends that the statute of limitations bars consideration of this petition, and also claims that ground two is procedurally defaulted. The petitioner was informed by a prior Court Order that dismissal of the petition due to its untimely filing was possible, and the dismissal of ground two as procedurally defaulted was possible. Mr. Higgins was given an opportunity to explain why the petition and ground two should not be dismissed as untimely and/or procedurally barred. Mr. Higgins has filed an explanatory pleading. We will first address the timeliness and procedurally bar issues, then consider the merits of claims, if any, properly before the Court.

**Statute of Limitations analysis:** Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the petitioner's judgment became final on July 19, 2006, which was ninety days after the Arkansas Court of Appeals denied petitioner's request for review and rehearing. The respondent argues that petitioner should have filed his federal petition on or before July 19, 2007. The petition, however, was not filed until March 14, 2008. The respondent urges that the petitioner's failure to act sooner is fatal to this action.

In his explanatory pleading, Mr. Higgins concedes that the federal habeas petition was not

timely filed, but argues that all time attributable to ineffective assistance of counsel should be equitably tolled. In *Calderon v. United States District Court for Central District of California*, 112 F.3d 386 (9th Cir. 1997), the Ninth Circuit Court of Appeals held that the limitation period may be equitably tolled if "extraordinary circumstances" beyond a prisoner's control render it impossible for him to file a timely petition. *Id*. at 391. The question here is whether the circumstances cited by Mr. Higgins amount to events beyond his control. It appears that Mr. Higgins is citing two instances of ineffective assistance of counsel. See page 4, docket entry no. 8. Mr. Higgins' first instance of ineffective assistance occurred at trial, where Mr. Higgins alleges that his attorney was ineffective for failing to ask the correct questions to the co-defendant, Mr, Hicks. Hicks was asked if he had entered a plea agreement or deal with the prosecution in return for his testimony, and he replied that he had not. As the Arkansas Court of Appeals noted on direct appeal, Higgins' trial counsel failed to ask if Hicks "expected, thought, or even hoped for leniency in exchange for his testimony." 94 Ark. App. at 333. The comment from the Arkansas appellate court does not constitute a finding that Higgins' trial counsel was ineffective. Even assuming that trial counsel was ineffective, it does not follow that equitable tolling should occur based on this error. In *Beery v. Ault*, 312 F.3d 948 (8th Cir. 2002), the Eighth Circuit Court of Appeals addressed a claim that ineffective assistance of counsel should equitably toll the habeas limitation period. The Court focused on whether counsel's actions or omissions made it impossible for the petitioner to file a federal habeas petition on time. The Court noted that "ineffective assistance of counsel generally does not warrant equitable tolling" and further noted that in the extreme circumstance where an attorney falsely represented that a habeas petition had been filed that tolling would be warranted. 312 F.3d 948, 951 -952 (citing *Harris v. Hutchinson,* 209 F.3d 325, 331 (4th Cir.2000); *Taliani v. Chrans,* 189 F.3d 597, 598 (7th Cir.1999); and *United States v. Wynn,* 292 F.3d 226, 228-30 (5th Cir.2002)). In this instance, even assuming some error by the trial attorney, it does not follow that the alleged error prevented the petitioner from filing a timely habeas petition. Equitable tolling is not appropriate under these circumstances.

The second instance of ineffective assistance of counsel cited by the petitioner is the error

of his second attorney, who he alleges failed to file a timely Rule 37 petition. As with the previous claim of ineffective assistance, and guided by *Beery v. Ault, supra,* our initial inquiry is whether counsel's actions or omissions made it impossible for the petitioner to file a federal habeas petition on or before July 19, 2007. The petitioner's Rule 37 petition was dismissed as untimely by the trial court on July 25, 2006. Although the petitioner pursued a motion for reconsideration and an appeal of the trial court's decision, the petitioner had almost a full year (from July 25, 2006, to July 19, 2007) in which to file a timely petition *after* he was on notice that his Rule 37 petition had been rejected as untimely. We find that the alleged error by counsel of filing a tardy Rule 37 did not preclude the petitioner from filing a timely federal habeas corpus petition. As a result, the limitation period should not be tolled due to counsel's behavior.

In summary, we find no merit in the arguments advanced by Mr. Higgins countering the limitation defense raised by the respondent. We recommend that the petition be dismissed as untimely.

**Procedural Default Analysis:** For the purpose of this order, we will assume that the limitation barrier was overcome by the petitioner and consider the argument that ground two should be dismissed as procedurally defaulted.. As previously noted, the respondent contends that ground two in the petition is not properly before this Court due to the petitioner's failure to adequately raise his claim of ineffective assistance of counsel in state court, as required by *Wainwright v. Sykes*, 433 U.S. 72 (1977), and its progeny.

In *Wainwright v. Sykes, supra*, the United States Supreme Court held that a federal court should not reach the merits of a litigant's habeas corpus allegation if he has procedurally defaulted in raising that claim in state court: that is, if he was aware of the ground, but failed to pursue it to a final determination. The exception created by the Supreme Court permits such an allegation to be addressed if the litigant can establish "cause" for his failure to assert the known ground and "prejudice" resulting from that failure. *See, also, Clark v. Wood*, 823 F.2d l24l, l250-5l (8th Cir. l987); *Messimer v. Lockhart*, 822 F.2d 43, 45 (8th Cir. l987). The *Wainwright v. Sykes* cause and

prejudice test was clarified by two subsequent Supreme Court decisions, *Smith v. Murray*, 477 U.S. 527 (l986), and *Murray v. Carrier*, 477 U.S. 478 (l986).

With respect to cause, these cases explain that the Court has "declined in the past to essay a comprehensive catalog of the circumstances that [will] justify a finding of cause." *Smith v. Murray*, 477 U.S. 533-34. However, one can discern from these cases several circumstances in which cause might be found: first, where some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules, *see Murray v. Carrier*, 477 U.S. at 488; second, where a constitutional claim is so novel that its legal basis is not reasonably available to counsel, *see Reed v. Ross*, 468 U.S. 1 (l984); or third, if the litigant failed to receive the effective assistance of counsel. *See Murray v. Carrier*, 477 U.S. at 488. In addition, there is one extraordinary circumstance where a federal habeas court may grant relief without a showing of cause: where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id.* at 496.

In his explanatory pleading, the petitioner contends that the behavior of the attorney who represented him in his Rule 37 proceeding is the "cause" for his procedural default. However, "[a] claim of ineffective assistance of counsel must be presented to the state court as an independent claim before it may be used to establish cause for procedural default or denominated as a ground for habeas relief." *Leggins v. Lockhart*, 822 F.2d 764, 768 n.5 (8th Cir. l987). It is clear that the petitioner did not effectively present any of his claims of ineffective assistance of counsel in state court. As a result, he does not establish cause by citing the acts and omissions of his attorney.

Also, with regard to the performance of his attorney during the postconviction proceedings, it is important to note, unlike at trial and on direct appeal, there is no constitutional right to counsel in state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987). As a result, the petitioner bears the risk of attorney error in such a proceeding. Thus, the argument that his attorney erred in filing an untimely Rule 37 petition does not establish cause for his procedural default. The United States Supreme Court has rejected this argument, finding "[a]ttorney ignorance or

inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must 'bear the risk of attorney error.'" *Coleman v. Thompson*, 501 U.S. 722, 753 (U.S. 1990).  In summary, Mr. Higgins does not establish cause to excuse his failure to raise ground two in state court.

Mr. Higgins makes a final argument to overcome the procedural default; he need not show cause and prejudice since he is actually innocent of the crime.  The United States Supreme Court provides guidance when considering actual innocence claims:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995).  The Court goes on to set the standard required of Mr. Higgins; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327.  In this case, Mr. Higgins falls far short of the requisite showing.  Instead of pointing to new, reliable evidence that was not presented at trial, Mr. Higgins cites the trial testimony of co-defendant Hicks and questions Hicks' motives for testifying.  Revisiting the trial testimony does not establish actual innocence as required by the *Schlup* case.

In summary, the petitioner does not establish cause or prejudice for failing to advance ground two in state court.  Further, he fails to demonstrate actual innocence.  As a result, we recommend that ground two be dismissed as procedurally barred.

**Merits of the Claims:** If the statute of limitations and the procedural bar were ignored, the merits of the claims advanced by Mr. Higgins are lacking.

His first claim is that the prosecutor and defense counsel failed to disclose a plea agreement made with petitioner's co-defendant. The Arkansas Court of Appeals specifically held that "no deal had been offered by the State at the time he [Hicks] testified." 94 Ark. App. at 333.  Since no deal existed at the time Hicks testified, it follows that there was no error in failing to disclose information

7

by the prosecutor and defense counsel. When the state court has ruled on the merits of a petitioner's claims, a writ of habeas corpus may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d)(1), (2). The United States Supreme Court offers guidance in interpreting the statute:

> A state court decision will be "contrary to" our clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in our cases," or "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court decision will be an "unreasonable application of" our clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."
> . . . Distinguishing between an unreasonable and an incorrect application of federal law, we clarified that even if the federal habeas court concludes that the state court decision applied clearly established federal law incorrectly, relief is appropriate only if that application is also objectively unreasonable.

*Penry v. Johnson*, 532 U.S. 782, 792-93 (citations omitted).

The petitioner cites *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Ramirez*, 608 F.3d 1261 (9th Cir. 1979) to bolster his argument. These cases, however, were explicitly discussed by the Arkansas Court of Appeals. The state appellate decision was not contrary to the above-cited cases, nor did it violate other clearly established Federal law. In addition, the petitioner fails to show the state court decision was based upon an unreasonable determination of the facts in light of the evidence presented in state court. Mr. Higgins suggests that co-defendant Hicks must have had a plea agreement in place prior to testifying. This suggestion does not make it so. The testimony of Hicks at trial, and of petitioner's trial attorney at the motion for a new trial, do not support his argument, and the petitioner fails to show the state court's ultimate finding should be disturbed.

The second claim, that petitioner received ineffective assistance of counsel when his attorney failed to elicit testimony from the co-defendant about the plea agreement, is also without merit. In order to prove ineffective assistance of counsel, petitioner must prove that (l) his attorney's actions

were unreasonable when viewed in the totality of the circumstances; and (2) he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 688 (1983); *Ryder v. Morris*, 752 F.2d 327, 331 (8th Cir. 1985). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Kellogg v. Scurr*, 741 F.2d 1099, 1101 (8th Cir. 1984); *Bell v. Lockhart*, 741 F.2d 1105, 1106 (8th Cir. 1984). This presumption is created to "eliminate the distorting effects of hindsight," and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689; *Ryder*, 752 F.2d at 331.

  Mr. Higgins faults his attorney for not probing further when co-defendant Hicks testified that he had not entered into a plea agreement in exchange for his testimony. Mr. Higgins suggests that Hicks should have been asked whether he expected, thought, or hoped for, leniency in exchange for his testimony. The Arkansas Court of Appeals notes that Hicks could have answered differently if posed the foregoing questions. 94 Ark. App. at 333. Under the *Strickland* analysis, the initial question is whether Higgins' attorney failure to ask these questions was unreasonable when viewed in the totality of the circumstances. For the purpose of this Order we will assume that the trial attorney's omission was unreasonable. The second inquiry in *Strickland* formula is whether there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. The petitioner fails to satisfy the second prong. Had petitioner's attorney asked Hicks the additional questions and Hicks answered that he expected, thought, and hoped for, leniency in exchange for his testimony, it is not probable that the verdict against Higgins would have been different. It is unclear whether the jury placed great weight in the testimony of Hicks, who initially testified that he was not at the scene of the crime. Hicks changed his story on the stand, accusing Higgins of forcing Hicks at gunpoint to rob the store. Thus, the jury already had reason to be wary of Hicks' testimony, as he had testified to two starkly different versions of the events. It is

unlikely that Hicks' statement that he might receive leniency would have altered the course of the trial. In general, a co-defendant's statement would be viewed more skeptically than would the testimony of other witnesses. In this case, the clerk at the Shell Superstore picked Higgins out of a photographic line-up and indicated that Higgins and Hicks worked together to commit the robbery. This testimony alone[1] was sufficient to convict Higgins. Since the jury need not have relied upon Hicks' testimony, we find that no prejudice accrued as a result of the alleged error in questioning Mr. Hicks. There is no merit to the second claim advanced by the petitioner.

In summary, we find the merits of the petition lacking. In addition, we find the petition is time barred, and that ground two is procedurally barred. As a result, we recommend that the petition for writ of habeas corpus be dismissed and the relief requested be denied.

IT IS SO ORDERED this    21    day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The jury's imposition of the minimum sentence in Mr. Higgins case may indicate that they believe the clerk's version of the events rather than the second version offered by Hicks, where he claimed that Higgins forced him at gunpoint to commit the crime. The clerk's version placed the gun in Hicks' possession and Higgins' behavior, although culpable, was less egregious.